UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No.: 20-cv-62441-BLOOM/Valle

**ALEXISS WRIGHT**, *et al.*,

        Plaintiffs,

v.

**GREENSKY, INC.**, *et al.,*

        Defendants.

_____/

**DEFENDANTS' RESPONSE IN OPPOSITION
TO PLAINTIFFS' MOTION TO COMPEL**

Defendants (collectively, "GreenSky"), file their opposition to Plaintiffs' Motion to Compel. This is the third of three cases the same Plaintiffs' counsel have filed against GreenSky, all proposed class actions. In chronological order, they are styled *Moore* (W.D. Mo.), *Belyea* (N.D. Cal.), and *Wright*. The Motion to Compel is untimely, otherwise meritless, and should be denied.

## RELEVANT FACTUAL BACKGROUND

### I. PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS ("RFPDs")

Plaintiffs filed their operative complaint ("Complaint") on December 16, 2020. (D.E. 12.) On January 20, 2021, GreenSky filed two motions: (1) a motion to compel arbitration as to one of the four Plaintiffs, Maria Poza; and (2) a Rule 12 motion to dismiss (i) the claims of two of the other three Plaintiffs, Yvonne and Jerrick Buck, and (ii) the request for injunctive relief. (D.E. 23, 24.) Notwithstanding the filing of dispositive motions that would have eliminated three of the four Plaintiffs from litigation in this Court as well as eliminating a primary remedy sought in the Complaint, Plaintiffs served the RFPDs two weeks later, on February 3, 2021. (D.E. 67-3.)

GreenSky's position was consistent from the beginning: discovery should not proceed until the Court resolved the motions to dismiss – a position consistent with binding Circuit authority. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). On March 17, 2021, GreenSky posited: "Defendants further request that they be permitted to await the Court's ruling on Defendants' pending motion to compel arbitration (ECF No. 24), and Defendants' motion to dismiss (ECF No. 23) before serving the discovery responses and otherwise engaging in the discovery efforts outlined above, because the outcome of the motions will determine the scope of the proposed class and therefore the scope of class certification-related discovery." (D.E. 41 at 3.) On June 7, 2021, GreenSky's counsel told Plaintiffs' counsel that "it makes no sense to serve discovery responses in a case where there is a motion to compel arbitration and a motion to dismiss

still pending before the court." (D.E. 67-4 at 3.) Four days later, GreenSky's counsel reiterated:

> . . . the only rational course of action as I see it, is to await the court's order on the outstanding motions . . .. I don't see how any discovery can proceed without knowing which claims (if any) will survive of the non-arbitration plaintiffs, whether the arbitration plaintiff will be subject to arbitration, and so forth. . . . And none of that takes into account the Poza arbitration motion, whether any party will appeal the decision, etc. If you can think of a more reasonable course of action or have other ideas, I am happy to discuss. Thanks.

(*Id.* at 2.)[1] Plaintiffs' counsel did not respond to that email, and three days later the Court issued its order granting GreenSky's motion to compel arbitration as to Plaintiff Poza. (D.E. 48.)

The June 14, 2021 Order administratively closed the case. (*Id.* at 36.) Belying their claims that GreenSky's alleged delay somehow is harming their ability to pursue discovery, Plaintiffs waited nearly *two months* – until August 10, 2021 – to move for the case to be reopened. (D.E. 49.) After the Court reopened the case (D.E. 50), the Court still needed to address the Rule 12 motion GreenSky had filed in January. (*Id.* at 1.) GreenSky again made its position clear that "the Court should resolve the pending Rule 12 motions prior to the parties engaging in any discovery. There is no need for the parties to engage in time consuming and expensive discovery when the pleadings have not yet closed." (D.E. 51 at 2.) The Scheduling Order bifurcated discovery into "class-related" and "merits-related," with all discovery closing on June 28, 2022. (D.E. 52 at 2.)

On October 27, 2021, the Court issued its order on the motion to dismiss, granting the motion concerning the request for injunctive relief, and also dismissing with prejudice the class allegations asserted under Rule 23(b)(2). (D.E. 56.) On November 19, 2021, only 23 days after the Order on the motion to dismiss and the same day the pleadings closed with GreenSky's answer to the Complaint (D.E. 61), GreenSky served its responses to the RFPDs. (D.E. 67-7.) GreenSky has

---

[1] Plaintiffs erroneously believe the Court "denied" GreenSky's request on staying discovery. (D.E. 67 at 11.) It is more probable that the Court, understanding the law of the Eleventh Circuit under *Chudasama* and its progeny, simply built in adequate time for the parties to conduct discovery after it ruled on GreenSky's then-pending initial motions.

2

produced over 900 pages of documents to date, hardly the "small" production Plaintiffs assert (D.E. 67 at 6); moreover, even though practically none of Plaintiffs' RFPDs pertained to class certification under the Court's bifurcated discovery order, GreenSky nevertheless has produced hundreds of merits-related documents as a show of good faith in moving the case forward.[2]

**II.   ESI**

Having waited nearly two months to move for the case to be reopened, Plaintiffs delayed over *two more months* until November 3, 2021 to send GreenSky their proposed protocols. (*See* Ex. A.)[3] GreenSky made its position clear to Plaintiffs concerning ESI, particularly search terms and custodians in light of the exorbitant costs and expenses GreenSky had incurred in gathering, reviewing, and producing ESI in *Moore*, only to have Plaintiffs' counsel settle the case individually in the fall of 2021: "[Y]ou are aware of what the search terms and protocols were in Moore, and I have said multiple times that GreenSky will abide by those here so as to not duplicate efforts from the prior case, other than the obvious fact that different states are involved. Beyond that distinction, GreenSky will do what it did in Moore, and that should be sufficient here." (Ex. B at 2, ¶ 5.) Plaintiffs have not yet responded to that offer as of the date of this filing.

---

[2] Plaintiffs fixate on so-called "priority requests" that, they contend, constitute "11 categories of documents and data for GreenSky to prioritize in its production." (D.E. 67 at 6.) First, nothing in the Federal Rules allows a requesting party to demand a producing party "prioritize" document production; if that was important to Plaintiffs, they should have limited their RFPDs to those "categories" instead of serving over 50 mostly overbroad requests. Second, many of the "priority requests" are new requests not contained in the RFPDs notwithstanding Plaintiffs' strained square peg/round hole effort to argue otherwise. Embarrassingly, with one exception, Plaintiffs' "priority requests" here asked for information concerning ***California*** borrowers (D.E. 67-8 at 8-11), which obviously has no conceivable relevance to this Florida-only putative class. GreenSky pointed out that gaffe to Plaintiffs' counsel (D.E. 67-10 at 5) and invited Plaintiffs to serve a proper request, but Plaintiffs filed this motion rather than engage further on the so-called "priority requests."

[3] That email also demonstrates the untimeliness of Plaintiffs' motion, as counsel stated "we made our initial requests for production in this case on February 3, 2021" – nine months to the day before the Ex. A email was sent, and still with no suggestion that Plaintiffs might file a motion to compel.

**ARGUMENT**

I.   **PLAINTIFFS ARE NOT ENTITLED TO DOCUMENTS OR DEPOSITIONS OF GREENSKY EXECUTIVES DAVID ZALIK AND GERRY BENJAMIN.**

Plaintiffs argue GreenSky should conduct searches for documents belonging to its CEO, David Zalik, and its Executive Chairman, Gerry Benjamin. (D.E. 67 at 8-10.) Plaintiffs concede that Mr. Zalik and Mr. Benjamin are "Apex" persons. The Apex doctrine recognizes the distinctive positions of high-ranking corporate executives, "and the potential for harassment and abuse inherent in subjecting them to *discovery burdens* in the absence of a showing that the individual possesses relevant evidence which is not readily obtainable from other sources." *Jernigan v. Scholastic, Inc.*, 2018 WL 11323497, *1 (M.D. Fla. Sept. 17, 2018) (emphasis added) (quotations omitted). Nothing in that statement limits the Apex doctrine to depositions, and GreenSky in unaware of any ruling in this Circuit so limiting the doctrine. Other courts have shielded high-level executives from document production. *See, e.g.*, *Assured Guar. Mun. Corp. v. UBS Real Estate Securities Inc.*, 2013 WL 1195545, *4 (S.D.N.Y. Mar. 25, 2013) (rejecting effort to compel inclusion of CEO and COO as custodians: "There is no good reason here to believe that these two members of the Credit Committee had custody of relevant documents that other non-lawyer custodians did not possess. Therefore, [the] motion to designate Mr. Cochran and Mr. McCarthy as custodians whose files must be searched is denied."). The Court should so hold here.

Regardless of the applicability of the Apex doctrine, the request to include Mr. Zalik and Mr. Benjamin as custodians should be denied on the basic ground of irrelevance, and Plaintiffs' Complaint and arguments skirt the bounds of Rule 11 in this regard. Indeed, their Complaint, and now their Motion, completely gerrymanders comments made in a benign investor call from 2018 and wants the Court to believe that Messrs. Zalik and Benjamin agreed that merchants are encouraged to pass along transaction fees to their borrowers. (*See* D.E. 12, ¶ 54 (allegations); D.E.

4

67 at 9 (motion).) That is utterly false. In the call, a financial analyst (who has no connection to GreenSky) broached the topic of his "understanding" of certain "research" he believed GreenSky had conducted on transaction costs. Here is the entirety of Mr. Benjamin's response:

> Yes. Absolutely. The consumer knows his cost of funds has gone up everywhere. If you're taking a deferred interest loan, you still can't do better than incurring not a penny of interest. And for a reduced rate loan, this is far more beneficial than putting it on an interest bearing credit card or other alternatives available. So the consumer is getting a great value, irrespective of the increased cost of funds.

(D.E. 67-14 at 14-15.) Nowhere did Mr. Benjamin agree that GreenSky allowed merchants to pass through any transaction costs to borrowers. Even more outrageously, the quotations attributed to Mr. Zalik *were not even made in response to the analyst's question* – he is responding to a completely different question from a completely different analyst, and nowhere is the subject of pass-through costs even mentioned. (*Id.* at 12.) The Court should not reward such obviously deceptive efforts to force GreenSky's CEO and its Executive Chairman into the heat of discovery.

Courts have consistently rejected efforts to force high-ranking executives to produce documents where, as here, there is no indication that they have any day-to-day knowledge of the allegations of the case. *See BlackBerry Ltd. v. Facebook, Inc.*, 2019 WL 4544425 (C.D. Cal. Aug. 19, 2019) (refusing to allow search of CEO emails: "district courts . . . have limited production of a CEO's email when there was insufficient connection to the actual issues in dispute"); *Harris v. Union Pac. R. Co.*, 2018 WL 2729131, *4 (D. Neb. June 6, 2018) (refusing to compel production of CEO emails); *Lutzeier v. Citigroup Inc.*, 2015 WL 430196, *7 (E.D. Mo. Feb. 2, 2015) ("Plaintiff has not satisfied his burden to show that these high level executives have unique or personal knowledge of the subject matter that warrants their information."); *Tulip Comp. Intern. B.V. v. Dell Computer Corp.*, 2002 WL 818061, n.2 (D. Del. Apr. 30, 2002) (refusing to order production of CEO's emails, as plaintiff failed to establish CEO's involvement in case "was at a

detailed level, such that discovery of his e-mail records would uncover [any] relevant documents").

GreenSky has agreed to search the emails of four relevant custodians. (D.E. 67-10 at 4.) GreenSky offered to add a fifth custodian – a Senior VP – in exchange for Plaintiffs withdrawing their request as to Messrs. Zalik and Benjamin. (*See* Ex. B at 2, ¶ 4.) Ignoring that offer, Plaintiffs filed this motion. There is no basis to drag these highest-level executives into discovery based on Plaintiffs' deceptive gerrymandering of comments on an investor call that occurred in November 2018, *two years after* the three Plaintiffs obtained their loans and with no showing whatsoever that they have any specific information regarding the GreenSky® Program. If subsequent ESI productions and depositions suggest otherwise, the parties can always revisit the issue. But these circumstances perfectly demonstrate why courts refuse to subject CEOs to discovery.

**II.     THE "MOTION TO STRIKE AND TO COMPEL" IS IMPROPER, UNTIMELY, AND FAILS ON ITS MERITS IN ANY EVENT.**

Plaintiffs' "motion to strike" GreenSky's objections to the RFPDs is improper in every conceivable way. The motion is untimely, procedurally inappropriate, and a failure on its merits.[4]

**A. Plaintiffs' "Motion to Strike and to Compel" Concerning GreenSky's Objections Should Be Denied.**

**1. The "Motion to Strike" GreenSky's Objections to the RFPDs Is Improper and Should, Therefore, Be Denied.**

Plaintiffs purport to "file this Motion to strike GreenSky's Responses to Plaintiffs' First Set of Requests for Production of Documents and compel the production of all responsive documents." (D.E. 67 at 3.) A "motion to strike" discovery responses is completely improper and not authorized by the Federal Rules. Indeed, as the Court has recited regarding motions to strike:

> Motions to strike are governed by Fed. R. Civ. P. 12(f). That rule authorizes a court to strike from a pleading an insufficient defense or any redundant, immaterial,

---

[4] Bizarrely, Plaintiffs state that Fed. R. Civ. P. "36(a)(6) authorizes Plaintiffs to seek a determination of the sufficiency of an answer or objection." (D.E. 67 at 10.) Rule 36(a)(6) is contained with the Rule governing requests for admission, which Plaintiffs have not served.

6

> impertinent, or scandalous matter. *See* Fed. R. Civ. P. 12(f). This authority, however, extends only to "pleadings" . . . .. *See* Fed. R. Civ. P. 7(a). Thus, a motion to strike that is directed at filings other than pleadings is improper. . . .

*Silver Creek Farms, LLC v. Fullington*, 2018 WL 1967133, *1 (S.D. Fla. Feb. 15, 2018).

Courts in this Circuit have rejected similar motions to strike by seeing them for what they are – a blatant attempt to circumvent the obvious untimeliness of a motion to compel, which is exactly the case here. *See, e.g.*, *Stewart v. Hartford Life & Acc. Ins. Co.*, 2021 WL 1816961, *3 (N.D. Ala. May 6, 2021) (denying motion to strike, holding that plaintiff "waived those arguments" related to discovery responses "by choosing not to timely file a motion to compel"); *see also Pipino v. Delta Air Lines, Inc.*, 2016 WL 2856003, *4 (S.D. Fla. May 13, 2016) ("It appears to the Court that what occurred in this case is that Plaintiff's counsel realized that Plaintiff was far out of time to file a motion to compel and set out to manufacture an excuse to file a belated motion. The Court does not look kindly upon such gamesmanship."). As discovery responses are not "pleadings," the Court is "without authority" to grant a "motion to strike" GreenSky's RFPD objections. *See Silver Creek Farms*, 2018 WL 1967133, *1 ("[Movant] seeks to strike . . . Affidavit, which is not a pleading. . . . [T]he Court is without authority to strike this affidavit pursuant to Rule 12(f).").[5]

**2. Plaintiffs' "Motion to Compel" Is Untimely Under the Court's Local Rules and, Therefore, Should Be Denied on That Basis.**

Plaintiffs' "Motion to Compel" clearly is untimely. They served the RFPDs in February 2021. They filed the current motion in December, and they make no effort to cite, let alone explain, how their motion is timely under the Court's Local Rule governing discovery motions:

> All disputes related to discovery shall be presented to the Court ... within (30) days from the: (a) original due date (or later date if extended by the Court or the parties)

---

[5] Even if the Court had the authority to strike objections to the RFPDs, "granting a motion to strike is considered a drastic remedy and is disfavored." *Around the Clock A/C Service, LLC v. Travelers Cas. and Surety Co. of Am.*, 2021 WL 497310, *1 (S.D. Fla. Aug. 10, 2021) (Valle, M.J.) (citing cases). Given their own 9-month delay in filing their motion, Plaintiffs have no entitlement to the "drastic remedy" of striking GreenSky's objections to the RFPDs.

7

>of the response or objection to the discovery request that is the subject of the dispute; (b) date of the deposition in which the dispute arose; or (c) date on which a party first learned of or should have learned of a purported deficiency concerning the production of discovery materials. Failure to present the dispute to the Court within that timeframe, absent a showing of good cause for the delay, may constitute a waiver of the relief sought at the Court's discretion.

S.D. Fla. L.R. 26-1(g). "[T]he purpose of Local Rule 26.1(g)(1) . . . is to prompt early resolution of discovery disputes and to ensure that discovery motions are filed when ripe and not held until shortly before the close [of] discovery or the eve of trial." *Haney v. PGA Tour, Inc.*, 2021 WL 535366, *1 (S.D. Fla. Feb. 13, 2021) (quotations and emphasis omitted). "This rule is intended to deal with parties, such as [Plaintiffs] in this case, who filed belated discovery motions." *Arch Ins. Co. v. Vas Aero Services, LLC*, 2018 WL 1770553, *4 (S.D. Fla. Apr. 12, 2018).

Rule 26.1(g)'s 30-day deadline is triggered when a party "*first* learned of or should have learned of a purported deficiency." Plaintiffs cannot reasonably argue that they "first learned" of the problem of which they now complain 30 days before the December 21 filing of this motion. It's important to understand that Plaintiffs are **not** arguing about the **validity** of GreenSky's objections; their motion is completely silent on the substance of the objections.[6] They argue only about the **timeliness** of GreenSky's response to the RFPDs, and the 30-day period for that issue accrued, and Plaintiffs "first learned" of the purported deficiency at least under their theory, when they did not receive responses to the RFPDs 30 days following their service on February 3, 2021. Yet they didn't file the current motion until **nine-and-a-half months** after that accrual date.

In the most generous scenario for Plaintiffs, as their own letter indicates, they admit that "Plaintiffs asked GreenSky to respond by late May or early June 2021. GreenSky failed to serve responses at that time . . .". (D.E. 67-8 at 8.) Thus, even Plaintiffs admit that, at the very latest,

---

[6] Of course, by not arguing the substance of the objections, under the 30-day rule of Rule 26.1(g), Plaintiffs have waived any argument as to the substance of GreenSky's objections to the RFPDs.

8

they expected responses by "late May," yet delayed filing the motion to compel until over six months later. This Court has not hesitated to deny motions to compel as untimely under Rule 26.1(g). *See Graham v. Barrier Tech., LLC*, 2021 WL 2255128, *3 (S.D. Fla. June 3, 2021) (Valle, M.J.) (denying motion to compel as "untimely under Local Rule 26.1's 30-day limit"). Indeed, the orders from the Court's judges denying motions to compel as untimely under Rule 26.1(g) are legion. *See, e.g.*, *Haney*, 2021 WL 535366, *1; *4Demand, LLC v. G4S Secure Sols., Inc.*, 2020 WL 3266102, *2 (S.D. Fla. June 17, 2020); *Williams v. Carnival Corp.*, 2020 WL 854809, *2 (S.D. Fla. Feb. 11, 2020); *Kent v. Citibank, N.A.*, 2019 WL 11505345, *1 (S.D. Fla. Nov. 18, 2019); *Std. Textile Co., Inc. v. J&R United Ind., Inc.*, 2019 WL 3890148, *2 (S.D. Fla. Mar. 20, 2019).

"Parties are not permitted to sit on a discovery dispute for a lengthy period of time and then spring it on the Court at the last minute. . . . [T]he Court will not reward . . . such unnecessary delay." *4Demand*, 2020 WL 3266102, *2. Plaintiffs' "waiver of objections" argument should be rejected. *See, e.g.*, *Roche Diagnostics Corp. v. Amexpo Int'l, LLC*, 2019 WL 11623935, *3 (S.D. Fla. Aug. 20, 2019) (where plaintiff served subpoena, respondent failed to serve timely objections, and plaintiff filed motion to compel arguing that respondent's objections were waived, Court noted that plaintiff "overlooks that its own motion to compel is also untimely and may be denied for that reason alone")[7]; *see also Std. Textile*, 2019 WL 3890148, *2 ("If Plaintiff had brought its dispute timely, the Court might have compelled Defendant to respond to the discovery promptly, or might have overruled any untimely objections by Defendant . . .. Plaintiff failed to bring the dispute

---

[7] In *Roche*, the Court held, "Because all parties are untimely—Roche in its motion, and Respondents in their objections . . . the Court will exercise its discretion and proceed to the merits of this discovery dispute." 2019 WL 11623935, *4. In this case and as noted above, however, Plaintiffs have *not* argued that GreenSky's objections are invalid; their entire motion to compel is grounded on alleged untimeliness of the RFPD responses, not the objections contained in those responses. In other words, Plaintiffs simply want a blanket ruling that would wipe out all objections to over 50 RFPDs without regard to their validity. They cite no on-point case to justify that result.

timely [and] this Court denied the untimely motion . . ."); *Arch*, 2018 WL 1770553, *5 (denying untimely motion to compel: "The Court finds that Defendants' Motion was filed untimely and Defendants have waived any argument regarding Plaintiff's production of documents . . .").

### B.  If the Court Entertains the Merits of the Motion to Compel, It Should Be Denied.

Even if the Court were to excuse Plaintiffs' 9-month delay in filing the motion, it should deny the motion. The Eleventh Circuit directs that courts should resolve all initial challenges to pleadings before permitting discovery. *See Chudasama*, 123 F.3d at 1367 ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins."); *see also Padilla v. Porsche Cars N. Am., Inc.*, 2019 WL 1281484, *1 (S.D. Fla. Mar. 19, 2019) ("This Court firmly abides by *Chudasama*'s instructions that discovery should follow the filing of a well-pleaded complaint"). GreenSky followed this binding precedent and advised Plaintiffs of such multiple times. Rather than challenge GreenSky's position – which it learned in March 2021 (D.E. 41 at 3) – with a timely motion to compel, Plaintiffs allowed the "issue [to] fester[]," which now "infects other discovery efforts or other stages of the litigation." *Haney*, 2021 WL 535366, *1.

In any event, this case demonstrates the wisdom of *Chudasama* and its progeny: in one order, the Court sent one Plaintiff's entire case to arbitration and in the other (not issued until nine months after the motion was filed), the Court dismissed one of the primary remedies sought in the Complaint along with the 23(b)(2) class allegations. The parties and claims (both individual and class) having been thusly narrowed, GreenSky served its RFPD responses 23 days after the second Order, has produced over 900 pages of documents, and has continued to work with Plaintiffs on appropriate parameters for ESI. At a minimum, GreenSky's reliance on binding Circuit precedent should constitute "good cause" to excuse the perceived delay.

10

## CONCLUSION

Plaintiffs' Motion to Strike or to Compel should be denied.

Respectfully submitted this 6th day of January, 2022.

/s/ *Irene Oria*
Irene Oria, Esq.
FL Bar No. 484570
Barry Goheen (*pro hac vice*)
**FisherBroyles, LLP**
199 E. Flagler St. #550
Miami, FL 33131
Tel.: (305) 536-2838
Facsimile: (305) 536-2838
Email: irene.oria@fisherbroyles.com
Email: barry.goheen@fisherbroyles.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the counsel of record identified on the Service List below.

/s/ Irene Oria
Irene Oria, Esq.

**SERVICE LIST**

Darren E. Newhart, Esq.
NEWHART LEGAL, P.A.
P.O. Box 1351
Loxahatchee, FL 33470
Email: darren@newhartlegal.com
Tel: (561) 331-1806
Fax: (561) 473-2946

*Counsel for Plaintiffs*

David Stein (pro hac vice)
Kyla J. Gibboney (pro hac vice)
GIBBS LAW GROUP LLP
505 14th Street, Suite 1110
Oakland, CA 94612-1406
Telephone: (510) 350-9700
Facsimile: (510) 350-9701
ds@classlawgroup.com
kjg@classlawgroup.com

*Counsel for Plaintiffs*

Bryce B. Bell, Esq.
Mark W. Schmitz, Esq.
Andrew R. Taylor, Esq.
BELL LAW, LLC
2600 Grand Blvd., Suite 580
Kansas City, MO 64108
Email: Bryce@BellLawKC.com
MS@BellLawKC.com
AT@BellLawKC.com
Tel: (816) 886-8206
Fax: (816) 817-8500

*Counsel for Plaintiffs*

Brian E. Johnson
Victoria S. Nugent
COHEN MILSTEIN
SELLER & TOLL PLLC
1100 New York Ave. NW, Fifth Floor
Washington, DC 20005
Tel.: (202) 408-4600
vnugent@cohenmilstein.com
bejohnson@cohenmilstein.com

*Counsel for Plaintiffs*