UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-62441-BLOOM/Valle

ALEXISS WRIGHT,
*an individual, on behalf of herself and others similarly situated*,

      Plaintiff,

v.

GREENSKY MANAGEMENT COMPANY, LLC,
GREENSKY, INC., GREENSKY HOLDINGS, LLC,
and GREENSKY, LLC,

      Defendants.
_____/

## ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS OR TO PARTIALLY DENY CLASS CERTIFICATION

**THIS CAUSE** is before the Court upon Defendants GreenSky, Inc.'s, GreenSky, LLC's, GreenSky Holdings, LLC's, and GreenSky Management Company, LLC's (collectively, "Defendants" or "Greensky") Motion for Judgment on the Pleadings as to Class Allegations Subsequent to October 26, 2016 or, Alternatively, to Partially Deny Certification as to Any Class Subsequent to October 26, 2016, ECF No. [101] ("Motion"). Plaintiffs Alexiss Wright ("Wright"), Jerrick Buck, and Yvonne Buck (collectively, the "Bucks") filed a Response in Opposition, ECF No. [106] ("Response"), to which Defendants filed a Reply, ECF No. [108] ("Reply"). The Court has carefully considered the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

### I.    BACKGROUND

On July 17, 2020, Wright initiated this class action against Defendants in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. *See* ECF No. [1-2] at 5-

37. On December 1, 2020, Defendants removed the above-styled case to this Court, alleging jurisdiction under the Class Action Fairness Act ("CAFA") of 28 U.S.C. § 1332(d). ECF No. [1] ("Notice"). On December 16, 2020, Wright filed a First Amended Class Action Complaint, ECF No. [12] ("Complaint"), which added the Bucks and Maria C. Poza ("Poza") as named Plaintiffs. The Complaint asserts the following three counts against Defendants: Count I – Violations of Florida's Loan Broker Law ("FLBL") (Fla. Stat. § 687.14, *et seq.*); Count II – Violations of Florida's Credit Service Organizations Act ("CSOA") (Fla. Stat. § 817.7001, *et seq.*); and Count III – Injunctive Relief. *See generally id.*

According to the Complaint, Defendants are financial technology companies that allow various types of merchants to apply for point-of-sale loans on behalf of their customers through Defendants' mobile application that streamlines the entire lending process. *See* ECF No. [12] ¶¶ 25, 30. Defendants fund these loans through partnerships with lending institutions that serve as the lenders. *See id.* ¶ 27. Defendants orchestrate the loan origination process from the initial loan application through funding, and after brokering the loan, Defendants act as the loan servicer. *See id.* ¶ 87.

In or about July 2016, the Bucks purchased a solar system financed by a $25,000.00 Greensky loan. *Id.* ¶¶ 118, 119, 123. Unbeknownst to the Bucks, Greensky took a merchant fee of approximately 13% of the principal. *Id.* ¶¶ 124, 126. The Bucks repaid the loan entirely within the first year and unknowingly paid some or all of the undisclosed merchant fee. *Id.* ¶¶ 127, 128. In June 2016, Wright purchased an air-conditioning system financed by a $9,522.00 Greensky loan. *Id.* ¶ 101. Unbeknownst to Wright, Greensky took a merchant fee of approximately 16% of the principal. *Id.* ¶ 100. Wright repaid the loan in late 2018 and unknowingly paid some or all of the undisclosed merchant fee. *Id.* ¶¶ 104, 105. In November 2016, Poza contracted with Paradise Exteriors to purchase and install storm shutters, which were financed by a Greensky loan. *Id.*

¶¶ 107, 108. Poza unknowingly paid some or all of Greensky's merchant fee of approximately 6.75% of the principal. *Id.* ¶¶ 112, 115.

The claims asserted in the Complaint are premised on the allegation that Defendants concealed the nature and amount of the merchant fees charged to consumers and failed to comply with loan broker disclosure requirements, in violation of the FLBL. *Id.* ¶¶ 148-50. The Complaint also alleges that Defendants acted as a credit service organization ("CSO") without a surety bond, accepted valuable consideration for referring customers to lenders who were offering substantially the same loan terms to the general public, and made false or misleading statements in violation of the CSOA. *Id.* ¶¶ 161-65, 167-68. On June 14, 2021, the Court directed Defendants and Poza to arbitration pursuant to an arbitration provision in Poza's loan documents. *See* ECF No. [48]. However, the loan documents for the remaining named Plaintiffs Wright and the Bucks (collectively, "Plaintiffs") do not have a similar arbitration provision. *See* ECF Nos. [56] at 7 n.1, [23-1], [24-1].

Defendants now move for judgment on the pleadings as to Plaintiffs' class allegations based on loans obtained subsequent to October 26, 2016. *See* ECF No. [101]. Defendants argue that the Court should dismiss the class allegations after that date, or alternatively deny certification as to class allegations after that date, because Greensky's loans after that date had arbitration provisions, similar to the one in Poza's loan documents and unlike Plaintiffs' loan documents. *See id.* at 2-3. Plaintiffs respond that there is nothing in the pleadings or elsewhere in the record to justify entry of judgment on the pleadings, and Defendants' alternative argument that the Court deny certification pursuant to Rule 23 is premature and without merit. *See* ECF No. [106]. Defendants reply that Defendants' sworn discovery responses indicate that every Greensky loan after October 26, 2016 contained an arbitration provision. *See* ECF No. [108] at 5 (citing ECF No. [97-2] at 2-3).

## II. LEGAL STANDARD

### A. Judgment on the Pleadings

"After the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001); *see also Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014); *Palmer & Cay, Inc. v. Marsh & McLennan Cos.*, 404 F.3d 1297, 1303 (11th Cir. 2005); *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1291 (11th Cir. 2002). "A motion for judgment on the pleadings admits the plaintiff's factual allegations and impels the district court to reach a legal conclusion based on those facts." *Gachette v. Axis Surplus Ins. Co.*, No. 19-cv-23680, 2020 WL 2850587, at *1 (S.D. Fla. Apr. 1, 2020) (quoting *Dozier v. Prof'l Found. for Heath Care, Inc.*, 944 F.2d 814, 816 (11th Cir. 1991)).

"[F]ederal courts are unwilling to grant a judgment under Rule 12(c) unless it is clear that the merits of the controversy can be fairly and fully decided in this summary manner." *Pete Vicari Gen. Contractor LLC v. Ohio Cas. Ins. Co.*, No. 17-23733-CIV, 2018 WL 6308695, at *1 (S.D. Fla. Sept. 27, 2018) (citation omitted). However, "[i]f it is clear from the pleadings that the plaintiff is not entitled to relief under any set of facts consistent with the complaint, the district court should dismiss the complaint." *King v. Akima Glob. Servs., LLC*, 775 F. App'x 617, 620 (11th Cir. 2019) (citing *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002)); *cf. United States v. Khan*, No. 3:17-cv-965-J-PDB, 2018 WL 6308678, at *1 (M.D. Fla. Sept. 26, 2018) ("A court must deny a motion for judgment on the pleadings if a 'comparison of the averments in the competing pleadings reveals a material dispute of fact.'" (quoting *Perez*, 774 F.3d at 1335)).

"A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *King*, 775 F. App'x at 620. "In determining whether a party is entitled to judgment on the pleadings, [courts] accept as true all material facts alleged in the non-moving party's pleading, and [] view those facts in the light most favorable to the non-moving party." *Perez*, 774 F.3d at 1335 (citing *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998)). A complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

### B. Class Certification

District courts have broad discretion in deciding whether to certify a class. *Washington v. Brown & Williamson Tobacco Corp.,* 959 F.2d 1566, 1569 (11th Cir. 1992). To certify a class action, the putative class must satisfy "the four requirements listed in Rule 23(a), and the requirements listed in any of Rule 23(b)(1), (2), or (3)." *Karhu v. Vital Pharm., Inc.,* 621 F. App'x 945, 946 (11th Cir. 2015) (citing *Little v. T–Mobile USA, Inc.,* 691 F.3d 1302, 1304 (11th Cir. 2012)); *see also Fitzpatrick v. General Mills, Inc.,* 635 F.3d 1279, 1282 (11th Cir. 2011) ("[T]he putative class must meet each of the four requirements specified in [Rule] 23(a), as well as at least one of the three requirements set forth in [Rule] 23(b)."); *Rutstein v. Avis Rent-A-Car Sys., Inc.,* 211 F.3d 1228, 1233 (11th Cir. 2000) ("A class action may be maintained only when it satisfies

all of the requirements of Fed. R. Civ. P. 23(a) and at least one of the alternative requirements of Rule 23(b)." (quoting *Jackson v. Motel 6 Multipurpose, Inc.,* 130 F.3d 999, 1005 (11th Cir. 1997)).

"Under Rule 23(a), every putative class first must satisfy the prerequisites of numerosity, commonality, typicality, and adequacy of representation." *Vega v. T–Mobile USA, Inc.,* 564 F.3d 1256, 1265 (11th Cir. 2009) (quoting Fed. R. Civ. P. 23(a); *Valley Drug Co. v. Geneva Pharms., Inc.,* 350 F.3d 1181, 1187–88 (11th Cir. 2003)) (internal quotation marks omitted). Under Rule 23(b)(2), class certification is appropriate if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

"The burden of establishing these requirements is on the plaintiff who seeks to certify the suit as a class action." *Heaven v. Trust Co. Bank,* 118 F.3d 735, 737 (11th Cir. 1997); *see also Rutstein*, 211 F.3d at 1233. The moving party "must affirmatively demonstrate his compliance" with the class certification requirements. *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)). That is, "a party must not only be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, typicality of claims or defenses, and adequacy of representation, as required by Rule 23(a) [but also] satisfy through evidentiary proof at least one of the provisions of Rule 23(b)." *Id.* (emphasis in original). "A district court must conduct a rigorous analysis of the Rule 23 prerequisites before certifying a class." *Vega,* 564 F.3d at 1266 (quoting *Castano v. Am. Tobacco Co.,* 84 F.3d 734, 740 (5th Cir. 1996)).

### III. DISCUSSION

#### A. Motion for Judgment on the Pleadings

The Court first addresses Defendants' argument that they are entitled to judgment on the pleadings. Defendants move for judgment on the pleadings as to Plaintiffs' class allegations based

on loans obtained subsequent to October 26, 2016. *See* ECF No. [101]. Defendants note that Plaintiffs purport to represent a putative class defined as "[a]ll persons who secured or made payments on a GreenSky-program loan in Florida between July 17, 2016, and the present." ECF No. [12] ¶ 133. However, since the parties' pleadings, the Court entered an Order compelling Poza to arbitration pursuant to the arbitration provision in her loan documents. *See* ECF No. [48]. The Court further dismissed Plaintiffs' claim for injunctive relief and determined that Plaintiffs could not seek injunctive relief on behalf of the proposed class. *See* ECF No. [56] at 17. Defendants also contend that any loan agreement after October 26, 2016 contained a mandatory arbitration provision similar to Poza's arbitration provision. *See* ECF No. [101] at 2. As such, Defendants argue that Plaintiffs do not have standing to represent putative class members who obtained loans after October 26, 2016 and agreed to the arbitration provision. *See id.* at 7-10 (citing *In re Checking Account Overdraft Lit.*, 780 F.3d 1031 (11th Cir. 2015)). Defendants also contend that even if Plaintiffs have standing, Plaintiffs cannot satisfy the Rule 23 standards as a matter of law. *See id.* at 10-18. As such, Defendants submit that the Court should dismiss Plaintiffs' class allegations based on any loans obtained after October 26, 2016.

Plaintiffs respond that nothing in the pleadings supports an entry of judgment on the pleadings. *See* ECF No. [106] at 7. Critically, nothing in the pleadings supports Defendants' contention that every putative class member who received a Greensky loan after October 26, 2016 agreed to an arbitration provision. Plaintiffs argue that, even if the Court were to look beyond the pleadings, nothing in the record supports Defendants' contention that every putative class member who received a Greensky loan after October 26, 2016 agreed to an arbitration provision. *See id.* at 8. Plaintiffs further contend that Defendants' substantive arguments that Plaintiffs lack standing or that Plaintiffs cannot meet the Rule 23 standards are unavailing. *See id.* at 11-20.

7

Defendants reply that they provided discovery responses, under oath, that "every Installment Loan Agreement GreenSky has serviced through the GreenSky Program after October 26, 2016, has contained an arbitration provision and accompanying class action waiver provision." ECF No. [108] at 5 (quoting ECF No. [97-2] at 2-3). Defendants rely on *Bultemeyer v. CenturyLink Inc.*, 2022 WL 1046292, *7 (D. Ariz. Apr. 7, 2022), for the proposition that sworn testimony is sufficient for the purposes of granting a motion for judgment on the pleadings. *See* ECF No. [108] at 5. Defendants further argue that the undisputed fact that Plaintiffs have not signed arbitration provisions and that putative class members have signed arbitration provisions defeats class certification. *See id.* at 5-6 (citing *Valencia v. VF Outdoor, LLC*, 2021 WL 5154161, *3 (C.D. Cal. Nov. 5, 2021), and *Campanelli v. Image First Health. Laundry Spec., Inc.*, 2018 WL 6727825, *8 (N.D. Cal. Dec. 21, 2018)).

The Court agrees with Plaintiffs. The Court first reiterates the standard for addressing a motion for judgment on the pleadings. "In determining whether a party is entitled to judgment on the pleadings, [courts] accept as true all material facts alleged in the non-moving party's pleading, and [] view those facts in the light most favorable to the non-moving party." *Perez*, 774 F.3d at 1335 (citing *Hawthorne*, 140 F.3d at 1370). Further, "on a motion for judgment on the pleadings, documents that are not a part of the pleadings may be considered, as long as they are central to the claim at issue and their authenticity is undisputed." *Id.* at 1340 n.12.[1] In this case, Defendants do not dispute Plaintiffs' argument that nothing in the pleadings entitle Defendants to judgment on the pleadings. *See generally* ECF No. [108]. The operative question is whether the Court can consider record evidence that Defendants set forth, namely Defendants' Supplemental and

---

[1] Plaintiffs appear to rely on a case from the Western District of Missouri for the proposition that the Court cannot consider any filing other than the pleadings themselves. *See* ECF No. [106] at 8 (citing *Weigand v. Maxim Healthcare Servs., Inc.*, No. 2:15-CV-04215-NKL, 2016 WL 127595, at *1 (W.D. Mo. Jan. 11, 2016)). Given binding Eleventh Circuit precedent noted above, the Court is not persuaded.

Amended Objections and Responses of Defendants Greensky, Inc., Greensky, LLC, Greensky Holdings, LLC, and Greensky Management Company, LLC to Plaintiffs' First Set of Interrogatories, ECF No. [97-2] ("Defendants' Responses"). Applying the standard set forth in *Perez*, the Court is not persuaded that Defendants' self-serving Responses are central to Plaintiffs' class allegations. *Cf. Perez*, 774 F.3d at 1340 n.12 (noting that a business account agreement was central to the defendant's counterclaims, in part because it was referenced in the counterclaims). Plaintiffs' class allegations do not depend on the existence of Defendants' Responses nor were Defendants' Responses referenced in Plaintiffs' Complaint. Defendants notably do not argue that Defendants' Responses are central to Plaintiffs' class allegations. As such, the Court cannot consider Defendants' Responses.

To the extent that Defendants rely on three cases from outside the Eleventh Circuit in their Reply, *Bultemeyer v. CenturyLink Inc.*, No. CV-14-02530, 2022 WL 1046292, *7 (D. Ariz. Apr. 7, 2022), *Valencia v. VF Outdoor, LLC*, No. 1:20-cv-01795, 2021 WL 5154161, *3 (C.D. Cal. Nov. 5, 2021), and *Campanelli v. Image First Health. Laundry Spec., Inc.*, No. 15-cv-04456, 2018 WL 6727825, *8 (N.D. Cal. Dec 21, 2018), the Court is not persuaded. In *Bultemeyer* and *Valencia*, the respective courts were addressing a motion to certify or deny certification of a class. As such, the cases do not establish that the Court can consider documents that are not central to the parties' pleadings in deciding a motion for judgment on the pleadings. In *Campanelli*, the court was addressing a partial motion for summary judgment. As such, *Campanelli* also does not establish that the Court can consider documents that are not central to the parties' pleadings in deciding a motion for judgment on the pleadings.[2]

---

[2] In their Motion, Defendants briefly cite *Hill v. T-Mobile USA, Inc.*, No. 2:09–CV–1827, 2011 WL 10958888, *6 (N.D. Ala. May 16, 2011), but the court in that case was also addressing a motion for class certification. As such, that case offers no guidance as to whether the Court can consider documents that are not central to the party's pleadings in deciding a motion for judgment on the pleadings.

9

Thus, upon review, nothing in the pleadings or the record evidence – that is central to Plaintiffs' class allegations and whose authenticity is undisputed – supports Defendants' contention that every putative class member who received a Greensky loan after October 26, 2016 agreed to an arbitration provision. Further, although Defendants rely on the Court's previous Orders, ECF Nos. [48], [56], neither Order establishes the key contention that every putative class member who received a Greensky loan after October 26, 2016 agreed to an arbitration provision. Without establishing this key contention through the pleadings or filings that are central to Plaintiffs' class allegations, the Court cannot find as a matter of law that Defendants are entitled to judgment on the pleadings.[3]

### B. Motion to Deny Class Certification

The Court now addresses Defendants' alternative request that the Court partially deny certification of class allegations based on loans obtained after October 26, 2016. Defendants style their alternative request as a motion to deny class certification, but the alternative request is premised on the same arguments as above. *See* ECF No. [101]. To reiterate, Defendants maintain that Plaintiffs have no standing to represent any borrowers who agreed to arbitrate their disputes, and even if Plaintiffs had standing, they cannot satisfy the Rule 23 standards as a matter of law.

Plaintiffs respond that Defendants' alternative request to partially deny class certification is premature and without merit. *See* ECF No. [106]. Plaintiffs first submit that "motions to deny class certification are not appropriate where no motion for class certification is pending." *Id.* at 2; *see also id.* at 5 n.1 (citing *Doty v. ADT, LLC*, No. 20-60972-CIV, 2021 WL 2580223, at *1 (S.D. Fla. Apr. 1, 2021); *Jones v. Fiorella Ins. Agency, Inc.*, No. 20-14105-CIV, 2020 WL 7485193, at *1 (S.D. Fla. Nov. 30, 2020)). In addition, Plaintiffs argue that Defendants cannot invoke

---

[3] Given the Court's determination, the Court need not address Defendants' remaining arguments regarding standing and whether Plaintiffs can satisfy the Rule 23 standards for class certification.

arbitration on behalf of putative class members who have not yet appeared in the case. Plaintiffs contend that "Article III's jurisdictional limitations preclude[] the District Court from entertaining [a defendant's] conditional motion[] to dismiss those members' claims as subject to arbitration." *Id.* at 12 (quoting *Checking Account Overdraft*, 780 F.3d at 1037). Further, "[c]ertification of a class is the critical act which reifies the unnamed class members and, critically, renders them subject to the court's power." *Id.* Without a certified class, "there is no justiciable controversy between [the defendant] and the unnamed putative class members." *Id.* Plaintiffs thus argue that Defendants must wait until Plaintiffs have filed a Motion for Class Certification to oppose class certification and must wait until the class has been certified to compel arbitration against class members who have agreed to arbitration provisions. *See* ECF No. [106] at 2, 10-11.

Defendants reply that Plaintiffs are under the mistaken belief that Defendants are invoking arbitration for the putative class members. *See* ECF No. [108] at 3. Defendants argue that their Motion simply seeks to deny class certification, not invoke the arbitration provisions on behalf of putative class members. *See id.* Further, Defendants argue that Plaintiffs are incorrect in arguing that the Court cannot consider a motion to deny class certification and that Defendants must raise arguments against class certification only in response to a motion for class certification. *See id.* at 6.

The Court agrees with Defendants to the extent that their Motion seeks to deny class certification, not invoke the putative class members' arbitration provisions. *See* ECF No. [101] at 2 (seeking to "Deny Certification as to any class allegations"). The Court also agrees with Defendants to the extent that the Court can consider a motion to deny class certification before a motion for class certification is filed. The Court finds instructive *Turner v. Food Corp.*, No. 08-61042-CIV, 2009 WL 10668616, at *2 (S.D. Fla. Feb. 3, 2009), which Defendants cite. In *Turner*, the court stated in relevant part:

11

> [t]he Court notes that the traditional course for class action litigation is for the plaintiff to move for certification of the class, rather than a defendant preemptively moving to preclude certification. However, Fed. R. Civ. P. 23(c) requires a court to determine by order whether to certify the action as a class action 'at an early practicable time after a person sues or is sued as a class representative.' It does not expressly require a plaintiff to move for certification.

*Id.* (citing *Rutledge v. Electric Hose & Rubber Co.,* 511 F.2d 668, 674 (9th Cir. 1975) (affirming the district court's grant of the defendant's motion disallowing the case to proceed as a class action); *Steinbeck v. Dollar Thrifty Auto. Group, Inc.,* 2008 WL 4378570 *2 (N.D. Okla. 2008) (noting that "a defendant may properly move to deny class certification prior to a plaintiff filing a motion for class certification"); *Vinole v. Countrywide Home Loans, Inc.,* 246 F.R.D. 637, 639 (S.D. Cal. 2007) ("Rule 23 . . . does not preclude a defendant from bringing [] a motion [to deny class certification]"); *Chevron USA, Inc. v. Vermilion Parish Sch. Bd.,* 215 F.R.D. 511, 515-16 (W.D. La 2003), *aff'd at* 377 F.3d 459, 464 (5th Cir. 2004)). Furthermore, under Rule 23(c)(1), "[t]he trial court has an independent obligation to decide whether an action was properly brought as a class action, even where neither party moves for a ruling on class certification." *Martinez-Mendoza v. Champion Int'l Corp.,* 340 F.3d 1200, 1216 n.37 (11th Cir. 2003) (quoting *McGowan v. Faulkner Concrete Pipe Co.,* 659 F.2d 554, 559 (5th Cir. 1981)). As such, Defendants' alternative request to partially deny class certification is not premature.[4]

---

[4] Plaintiffs' reliance on *Doty v. ADT, LLC*, No. 20-60972-CIV, 2021 WL 2580223, at *1 (S.D. Fla. Apr. 1, 2021), and *Jones v. Fiorella Ins. Agency, Inc.*, No. 20-14105-CIV, 2020 WL 7485193, at *1 (S.D. Fla. Nov. 30, 2020), for the proposition that a defendant cannot file a motion to deny class certification before a motion for class certification is filed, is unavailing. In *Doty*, the court had expressly stated in its scheduling order that the defendant could raise all grounds for denying class certification in its response to plaintiff's motion to certify class, indicating that "competing motions for and against class certification are neither necessary nor welcome." 2021 WL 2580223, at *1. Here, in contrast, the Court has not entered a similar order preemptively denying Defendants the opportunity to file a motion to deny class certification. In *Jones*, the court denied the motion to deny class certification as moot because the plaintiff had filed a competing motion for class certification. *See* 2020 WL 7485193, at *3. The court in *Jones* did not expressly forbid the filing of a motion to deny class certification. *See id.* In contrast, Plaintiffs have not filed a Motion for Class Certification, and as such, the Court has no reason to deny Defendants' Motion as moot. Finally, "[d]istrict courts have unquestionable authority to control their own dockets. This authority includes broad discretion in deciding how best to manage the cases before them." *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (internal quotation marks and citations omitted). As such, to the extent that it must,

However, the Court is not persuaded by the merits of Defendants' arguments. As the Court stated above, Defendants' arguments rely on the key contention that all loan agreements after October 26, 2016 contained an arbitration provision. In support, Defendants only cite, in their Reply, a single self-serving response to Plaintiffs' interrogatories in Defendants' Responses. *See* ECF No. [108] at 5 (citing ECF No. [97-2] at 2-3). The Court does not consider the self-serving response to be sufficient in establishing that the class should not be certified, especially before the close of class certification discovery. The Court notes that Rule 23 requires a "rigorous analysis" or a "fact-dependent inquiry" based on a developed record. *Vega,* 564 F.3d at 1266; *Shamblin v. Obama For Am.*, No. 8:13-CV-2428-T-33TBM, 2014 WL 631931, at *2 (M.D. Fla. Feb. 18, 2014). Thus, while the Court has considered Defendants' request to deny class certification at this stage, the Court determines that Defendants' arguments are unpersuasive. The Court is willing to address the arguments again, should the need arise at the class certification phase, after Plaintiffs have had the benefit of class certification discovery and filed a Motion for Class Certification in keeping with the Court's Scheduling Order, ECF No. [81]. To the extent that Defendants' Motion was motivated by concerns regarding the burden of additional discovery, *see* ECF No. [106] at 3, the Court notes that the Scheduling Order specifically contemplated such concerns and bifurcated the class certification discovery and general discovery in order to minimize the burden of discovery to the extent possible. *See* ECF No. [81] at 2.[5]

## IV.     CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [101]**, is **DENIED**.

---

the Court exercises its discretion to consider the instant Motion before Plaintiffs' Motion for Class Certification has been filed.

[5] As before, given the Court's determination, the Court need not address Defendants' remaining arguments regarding standing and whether Plaintiffs can satisfy the Rule 23 standards for class certification.

Case No. 20-cv-62441-BLOOM/Valle

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 27, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record