UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-62441-BLOOM/Valle

ALEXISS WRIGHT,
*an individual, on behalf of herself and others similarly situated*,

      Plaintiff,

v.

GREENSKY MANAGEMENT COMPANY, LLC,
GREENSKY, INC., GREENSKY HOLDINGS, LLC,
and GREENSKY, LLC,

      Defendants.
_____/

## ORDER ON OBJECTIONS TO MAGISTRATE JUDGE'S ORDER

**THIS CAUSE** is before the Court upon Defendants GreenSky, Inc., GreenSky, LLC, GreenSky Holdings, LLC, and GreenSky Management Company, LLC's (collectively, "Defendants" or "Greensky") Objections to and Appeal from Magistrate's Order Granting in Part and Denying in Part Plaintiffs' Motions to Compel, ECF No. [105] ("Objections"). Plaintiffs Alexiss Wright ("Wright"), Jerrick Buck, and Yvonne Buck (collectively, with Jerrick Buck the "Bucks") filed a Response in Opposition, ECF No. [107] ("Response"), to which Defendants filed a Reply, ECF No. [109] ("Reply"). The Court has carefully considered the Objections, the record in this case, and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Objections are overruled.

**I.    BACKGROUND**

On July 17, 2020, Wright initiated this class action against Defendants in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. *See* ECF No. [1-2] at 5-

37. Defendants thereafter removed the case to this Court, alleging jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). ECF No. [1] ("Notice"). On December 16, 2020, Wright filed a First Amended Class Action Complaint, ECF No. [12] ("Complaint"), which added the Bucks and Maria C. Poza ("Poza") as named Plaintiffs. The Complaint asserts the following three counts against Defendants: Count I – Violations of Florida's Loan Broker Law ("FLBL") (Fla. Stat. § 687.14, *et seq.*); Count II – Violations of Florida's Credit Service Organizations Act ("CSOA") (Fla. Stat. § 817.7001, *et seq.*); and Count III – Injunctive Relief. *See generally id.*

According to the Complaint, Defendants are financial technology companies that allow various types of merchants to apply for point-of-sale loans on behalf of their customers through Defendants' mobile application that streamlines the entire lending process. *See* ECF No. [12] ¶¶ 25, 30. Defendants fund these loans through partnerships with lending institutions that serve as the lenders. *See id.* ¶ 27. Defendants orchestrate the loan origination process from the initial loan application through funding, and after brokering the loan, Defendants act as the loan servicer. *See id.* ¶ 87.

In or about July 2016, the Bucks purchased a solar system financed by a $25,000.00 Greensky loan. *Id.* ¶¶ 118, 119, 123. Greensky took a merchant fee of approximately 13% of the principal that was not disclosed to the Bucks. *Id.* ¶¶ 124, 126. The Bucks repaid the loan entirely within the first year and unknowingly paid some or all of the undisclosed merchant fee. *Id.* ¶¶ 127, 128. In June 2016, Wright purchased an air-conditioning system financed by a $9,522.00 Greensky loan. *Id.* ¶ 101. Greensky took a merchant fee of approximately 16% of the principal that was not disclosed to Wright. *Id.* ¶¶ 100, 103. Wright repaid the loan in late 2018 and unknowingly paid some or all of the undisclosed merchant fee. *Id.* ¶¶ 104, 105. In November 2016, Poza contracted

with Paradise Exteriors to purchase and install storm shutters, which were financed by a Greensky loan. *Id.* ¶¶ 107, 108. Poza unknowingly paid some or all of Greensky's merchant fee of approximately 6.75% of the principal. *Id.* ¶¶ 112, 115.

The claims asserted in the Complaint are premised on the allegation that Defendants concealed the nature and amount of the merchant fees charged to consumers and failed to comply with loan broker disclosure requirements, in violation of the FLBL. *Id.* ¶¶ 148-50. The Complaint also alleges that Defendants acted as a credit service organization ("CSO") without a surety bond, accepted valuable consideration for referring customers to lenders who were offering substantially the same loan terms to the general public, and made false or misleading statements in violation of the CSOA. *Id.* ¶¶ 161-65, 167-68. On June 14, 2021, the Court directed Defendants and Poza to arbitration pursuant to an arbitration provision in Poza's loan documents. *See* ECF No. [48]. However, the loan documents for the remaining named Plaintiffs Wright and the Bucks (collectively, "Plaintiffs") do not have a similar arbitration provision. *See* ECF Nos. [56] at 7 n.1, [23-1], [24-1].

On December 20, 2021, Plaintiffs filed their Motion to Strike Defendants Untimely Objections to Plaintiffs' First Set of Discovery Requests and to Compel Request for Production of Documents, ECF No. [67] ("RFPD Motion"). On March 1, 2022, Plaintiffs filed their Motion to Compel Complete Answers to Plaintiffs' First Set of Interrogatories to Defendants, ECF No. [93] ("Interrogatory Motion"). Magistrate Judge Alicia Valle thereafter held a hearing on the two Motions. *See* ECF No. [99]. Following a two-hour hearing, Magistrate Judge Valle granted in part and denied in part the RFPD Motion and the Interrogatory Motion. *See* ECF No. [100].

Defendants now appeal Magistrate Judge Valle's Order and raise several arguments. *See* ECF No. [105]. First, Defendants argue that Magistrate Judge Valle ignored the voluminous case

3

law under Local Rule 26.1(g) and erroneously held that Plaintiffs' RFPD Motion was timely. Defendants specifically contend that (1) Plaintiffs' RFPD Motion was untimely; (2) Magistrate Judge Valle clearly erred in excusing Plaintiffs' untimeliness; and (3) the merits of the RFPD Motion lack any legal or factual basis. *See id.* at 6-11.

In the alternative, Defendants argue that Magistrate Judge Valle clearly erred in ruling on issues that Plaintiffs did not assert in the RFPD Motion and, therefore, were not before Magistrate Judge Valle. *See id.* at 11-18. More specifically, Defendants argue that Magistrate Judge Valle clearly erred in ruling on the temporal scope of the RFPDs, which Plaintiffs did not raise in the RFPD Motion. Defendants' argument on this matter rests on the following contentions: (1) because Plaintiffs never complained about Defendants' objections to the temporal scope in the RFPD Motion, Magistrate Judge Valle erred in considering the unbriefed issue; (2) Plaintiffs failed to raise the temporal scope issue in the RFPD Motion, thereby waiving it for purposes of determining the timeframe governing the search for production of documents; (3) because Plaintiffs cannot represent a class beyond October 2016, there is no basis for a six-year discovery period; and (4) regardless, there is no basis to impose a six-year discovery period given the current status of the case.

Further, Defendants submit that Magistrate Judge Valle ruled on several additional unbriefed issues. *See id.* at 18-21. Defendants argue that the RFPD Motion did not raise concerns regarding: (1) the production of Greensky's lender documents related to putative class members; (2) the identification of and information concerning putative class members; and (3) boilerplate objections. Lastly, Defendants appeal Magistrate Judge Valle's Order on the Interrogatory Motion for similar reasons and because one particular interrogatory regarding incentive payments is impertinent to Plaintiffs' core theory of the case.

4

Plaintiffs respond by arguing that Magistrate Judge Valle properly exercised her discretion and take the contrary position to each of the arguments raised. *See* ECF No. [107]. Plaintiffs submit that (1) Magistrate Judge Valle properly exercised her discretion in finding that Plaintiffs' RFPD Motion was timely; (2) Magistrate Judge Valle appropriately rejected Defendants' attempt to restrict discovery to a 102-day period in 2016; (3) both sides had a fair opportunity to present arguments on the temporal scope issue before Magistrate Judge Valle; (4) Defendants' Motion for Judgment on the Pleadings does not demonstrate an abuse of discretion by Magistrate Judge Valle; (5) Defendants will not be unduly burdened by Magistrate Judge Valle's ruling; (6) Defendants' proportionality arguments identify no clear error; (7) Magistrate Judge Valle properly exercised her discretion in compelling production of loan data; (8) Magistrate Judge Valle did not clearly err by compelling Defendants to produce their agreements with lending partners; (9) Magistrate Judge Valle properly struck Defendants' boilerplate objections; and (10) Magistrate Judge Valle properly compelled the production of information regarding incentive payments.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 72(a) provides that, when timely objections are made to a magistrate judge's order on a pretrial, non-dispositive matter, "[t]he district judge in the case must . . . modify or set aside any part of the order that is clearly erroneous or is contrary to law." The "clearly erroneous or contrary to law" standard of review is "extremely deferential." *Pigott v. Sanibel Dev., LLC*, Civil Action No. 07-0083-WS-C, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008). Relief is appropriate under the "clearly erroneous" prong of the test only if the district court "finds that the Magistrate Judge abused his discretion or, if after viewing the record as a whole, the Court is left with a definite and firm conviction that a mistake has been made." *Id*. (quoting *Murphy v. Gardner*, 413 F. Supp. 2d 1156, 1162 (D. Colo. 2006)); *see also Dees v. Hyundai Motor*

*Mfg. Ala., LLC*, 524 F. Supp. 2d 1348, 1350 (M.D. Ala. 2007) (stating in reviewing magistrate judge's discovery order that "in the absence of a legal error, a district court may reverse only if there was an 'abuse of discretion' by the magistrate judge"). Concerning the "contrary to law" variant of the test, "[a]n order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (quoting *S.E.C. v. Cobalt Multifamily Inv'rs I, Inc.*, 542 F. Supp. 2d 277, 279 (S.D.N.Y. 2008)).

### III. DISCUSSION

#### a. Timeliness and Merits of the RFPD Motion

First, Defendants argue that Magistrate Judge Valle erred in addressing the timeliness and the merits of the RFPD Motion. *See* ECF No. [105] at 6-11. Defendants submit that (1) Plaintiffs' RFPD Motion was untimely; (2) Magistrate Judge Valle clearly erred in excusing Plaintiffs' untimeliness; and (3) the merits of the RFPD Motion lack any legal or factual basis. *See id.* Plaintiffs respond that Magistrate Judge Valle properly exercised her discretion. *See* ECF No. [107] at 11-13.

The Court agrees with Plaintiffs. Local Rule 26.1(g)(1) states, in relevant part:

> All disputes related to discovery shall be presented to the Court by motion (or, if the Court has established a different practice for presenting discovery disputes, by other Court-approved method) within (30) days from the: (a) original due date (or later date if extended by the Court or the parties) of the response or objection to the discovery request that is the subject of the dispute; (b) date of the deposition in which the dispute arose; or (c) date on which a party first learned of or should have learned of a purported deficiency concerning the production of discovery materials. Failure to present the dispute to the Court within that timeframe, absent a showing of good cause for the delay, may constitute a waiver of the relief sought at the Court's discretion.

S.D. Fla. L.R. 26.1(g)(1). In this case, Plaintiffs served the RFPDs on February 3, 2021, Defendants served their objections on November 19, 2021, and Plaintiffs filed the RFPD Motion on December 20, 2021. *See* ECF Nos. [67-3], [67]. Thus, the RFPD Motion was timely filed within

thirty (30) days from when Plaintiffs "first learned of or should have learned of a purported deficiency concerning the production of discovery materials[,]" which in this case was thirty (30) days from the service of Defendants' objections on November 19, 2021. S.D. Fla. L.R. 26.1(g)(1)(c).[1] Defendants appear to be under the mistaken belief that the triggering date was February 3, 2021. *See* ECF No. [105] at 7. However, logic dictates that Plaintiffs could not have anticipated Defendants' objections and file a motion to compel based on those objections before Defendants' objections were received.[2] As such, the RFPD Motion was timely, Plaintiffs did not waive any challenge to the objections, and the Court need not address Defendants' good cause argument.[3]

Nonetheless, to be thorough, the Court determines that Magistrate Judge Valle correctly noted that any delay on Plaintiffs' part in filing the RFPD Motion was in part due to Plaintiffs' attempt to confer and resolve discovery matters by repeatedly contacting Defendants' counsel, rather than having the Court unnecessarily intervene and issue a discovery order. *See* ECF No. [105-1] at 36. Moreover, a review of the record reveals that the case was administratively closed from June 14, 2021, to August 17, 2021. *See* ECF Nos. [48], [50]. Thus, even if the RFPD Motion

---

[1] December 19, 2021 was a Sunday. As such, the thirty (30) days lapsed on December 20, 2021, which was the date Plaintiffs timely filed their RFPD Motion.

[2] Defendants submit that Plaintiffs "never argued the validity of GreenSky's objections in their motion, which is completely silent on the substance of the objections. They only argued the timeliness of GreenSky's response to the RFPDs . . . ." ECF No. [105] at 7 (emphasis omitted). Defendants' contention is an attempt to characterize the RFPD Motion as a challenge to the timeliness of Defendants' objections to the RFPDs, which should have been raised thirty (30) days after the service of the RFPDs on February 3, 2021. However, a review of the RFPD Motion clearly indicates that Plaintiffs raised arguments regarding the validity of Defendants' objections. *See* ECF No. [67] at 8-10, 11-12. As such, the triggering date was when the objections were served.

[3] Defendants' reliance on cases in which this Court denied a motion to compel as untimely is inapposite given the timeliness of Plaintiffs' RFPD Motion. *See* ECF No. [109] at 5 (citing *In re Furstenberg Fin. SAS*, No. 16-cv-60266, 2018 WL 11256048, *4 (S.D. Fla. Oct. 22, 2018) (Bloom, J.); *Herrera v. Bank of Am., N.A.*, No. 15-cv-62156, 2016 WL 4542105, *6 (S.D. Fla. Aug. 31, 2016) (Bloom, J.)).

could be considered untimely, there was good cause for the delay.[4]

Next, Defendants argue that because the Court compelled Poza to arbitration and denied Plaintiffs' request for injunctive relief, the RFPD Motion lacks any legal or factual basis – an argument that Defendants develop further in the latter part of their Objections. *See* ECF No. [105] at 10-11. Because Defendants develop the argument further in the latter part of their Objections, the Court analyzes Defendants' objection to Magistrate Judge Valle's ruling on merits of the RFPD Motion in the following subsections.[5]

As a final note, to the extent that Defendants argue in a footnote, and again in the Reply, that a motion to strike is reserved for pleadings, not discovery responses, the Court agrees. *See* ECF Nos. [105] at 6 n.1, [109] at 2-3. A motion to strike is reserved for pleadings, not discovery responses or objections to discovery requests. *See Pyzynski v. Thomas & Betts Corp.*, No. 16-cv-1998, 2017 WL 9510591, at *1 (M.D. Fla. 2017) (explaining that "a motion to strike is not the

---

[4] Defendants take issue with Magistrate Judge Valle's good cause analysis. *See* ECF No. [105] at 8-9. As noted above, the good cause analysis is moot in light of the timeliness of the RFPD Motion. Nonetheless, the Court independently finds good cause for the reasons stated above, without weighing the "equities."

[5] Before proceeding further, the Court notes that Defendants also argue in this subsection that "GreenSky's reliance on binding Circuit precedent should constitute good cause for the alleged delay." ECF No. [105] at 11. It appears that Defendants are arguing that their delay in serving their objections to the RFPDs was justified by good cause set forth in *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). The Court need not reach the issue of whether Defendants' delay in serving their objections should be excused by good cause since the Court determined that the RFPD Motion was timely and does not need to address whether Plaintiffs' delay in filing the RFPD Motion is excused by good cause. Nonetheless, Defendants' reliance on *Chudasama* is unpersuasive. *Chudasama* does not state a general rule that discovery should be stayed pending resolution of a dispositive motion. *See Reilly v. Amy's Kitchen, Inc.*, No. 13-21525-CIV, 2013 WL 3929709, at *1 (S.D. Fla. July 31, 2013) ("[T]here is no general rule that discovery be stayed while a pending motion to dismiss is resolved."); *see also Gannon v. Flood*, No. 08-60059-CIV, 2008 WL 793682, at *1 (S.D. Fla. Mar. 24, 2008) (*Chudasama* "does not indicate a broad rule that discovery should be deferred whenever there is a pending motion to dismiss."). In fact, "[m]otions to stay discovery pending ruling on a dispositive motion are generally disfavored in this district." *Flecha v. Neighbors Moving Servs., Inc.*, 944 F. Supp. 2d 1201, 1203 (S.D. Fla. 2013); *see also Ray v. Spirit Airlines, Inc.*, No. 12-61528-Civ, 2012 WL 5471793, at *3 (S.D. Fla. Nov. 9, 2012) (explaining that the *Chudasama* court "confronted a very specific situation involving a threefold problem –unjustifiable delay by the district court in ruling on the motion to dismiss, an erroneous decision to compel discovery from the defendant prior to adjudicating the motion to dismiss, and an especially dubious fraud claim that was likely to be dismissed").

proper vehicle for challenging matters not contained in pleadings," which is why "motions to strike other filings (such as other motions, responses, or exhibits) are routinely denied as improper"). However, it appears that Magistrate Judge Valle did not grant Plaintiffs' request to strike the objections. *See generally* ECF No. [105-1]. Rather, Magistrate Judge Valle effectively overruled the objections, and this Court affirms Magistrate Judge Valle's overruling of Defendants' objections for the reasons that follow. To the extent that it must, the Court makes clear that Plaintiffs' request to strike Defendants' objections is denied as procedurally improper. The Court considers Plaintiffs' RFPD Motion only to the extent that it seeks to compel Defendants' response.[6]

### b. Temporal Scope of Discovery

Defendants argue that Magistrate Judge Valle erred in addressing the temporal scope of discovery by allowing the timeframe of the RFPDs to extend from July 17, 2016, to the present. *See* ECF No. [105] at 11-18. As noted above, Defendants argue that (1) because Plaintiffs never complained about Defendants' objections to the temporal scope in the RFPD Motion, Magistrate Judge Valle reversibly erred in considering the unbriefed issue; (2) Plaintiffs failed to raise the temporal scope issue in the RFPD Motion, thereby waiving it for purposes of determining the timeframe governing the search for/production of documents; (3) because Plaintiffs cannot represent a class beyond October 2016, there is no basis for a six-year discovery period; and (4) regardless, there is no basis to impose a six-year discovery period given the current status of the case because a court in the Western District of Missouri rejected a similar argument raised by Plaintiffs' counsel, it is prejudicial to Defendants, and it is not proportional to the needs of the case.

---

[6] Defendants briefly note that Magistrate Judge Valle "must have confused this case with a separate matter" because she made a reference to a "motion for summary judgment" even though there was no pending motion for summary judgment. ECF No. [105] at 8. The Court notes that based on the context of her ruling, Magistrate Judge Valle likely misspoke and intended to refer to the Motion to Dismiss and/or the Motion to Compel Arbitration. *See* ECF [105-1] at 35. A mistaken reference does not constitute clear error.

9

*See id.*

Plaintiffs respond that Magistrate Judge Valle appropriately rejected Defendants' attempt to restrict discovery to a 102-day period in 2016. *See* ECF No. [107] at 13. Plaintiffs contend that (1) both sides had a fair opportunity to present arguments on the temporal scope issue before Magistrate Judge Valle; (2) Defendants' Motion for Judgment on the Pleadings does not demonstrate an abuse of discretion by Magistrate Judge Valle; (3) Defendants will not be unduly burdened by Magistrate Judge Valle's ruling; and (4) Defendants' proportionality arguments identify no clear error. *See id.* at 14-19.

The Court agrees with Plaintiffs. First, it is evident that the RFPD Motion clearly raised the temporal scope issue. The RFPD Motion states as follows:

> Finally, to whatever degree GreenSky complained of the breadth of Plaintiffs' initial requests, it is worth repeating that Plaintiffs have identified for GreenSky the eleven categories of priority information needed for class certification and related expert work. Those topics, attached as Exhibit 7 ask for the documents, data, and ESI central to the case, including: (i) GreenSky's data relating to the [*sic*] its loans *during the class period*, including as to the allegedly unlawful fees GreenSky received in connection with those loans, (ii) the documents relating to the incentive payments (a second allegedly unlawful fee) that GreenSky collected *during the class period*, (iii) the rate sheets and related documents that govern the fees GreenSky charged, (iv) the loan documents provided to class members, which relate to the disclosures (or lack thereof) by GreenSky about the fees it collected, (v) documents such as training materials for GreenSky-program merchants relating to the allegedly unlawful fees, (vi) the agreements between GreenSky and lenders for the loans at issue, (vii) GreenSky's analyses, research, market studies, and and [*sic*] the like relating to how its unlawful fees are borne by consumers, and (viii) the documents supporting GreenSky's arbitration defense as to absent class members.

ECF No. [67] at 11-12 (emphasis added). Plaintiffs' RFPD Motion argued that the temporal scope of the RFPDs should cover the entire class period, which was already defined in the Complaint to extend beyond October 26, 2016, to the present. *See* ECF No. [12] ¶ 133. Plaintiffs, therefore, plainly argued in opposition to Defendants' objections to the temporal scope of the RFPDs. By raising the argument in the RFPD Motion, Plaintiffs did not waive their opposition to Defendants'

objections to the temporal scope of the RFPDs.[7] Further, a review of the hearing transcript establishes that Magistrate Judge Valle gave each side a sufficient opportunity to present their arguments on the temporal scope issue. *See* ECF No. [105-1] at 16-18, 26-27; *see also id.* at 6 (allowing both sides twenty (20) minutes to present their arguments). Therefore, the temporal scope was not an unbriefed issue, and Plaintiffs did not waive their opposition to Defendants' objection to the temporal scope.[8]

Second, to the extent Defendants argue that because Plaintiffs cannot represent a class beyond October 2016, there is no basis for a six-year discovery period, the Court refers the parties to its previous Order on Defendants' Motion for Judgment on the Pleadings. *See* ECF No. [113]. In that Order, the Court permitted further class certification discovery, including class certification discovery for the time period in question. *See id.* The purported claim that Defendants used arbitration provisions on all loan agreements after October 26, 2016, is not sufficient to bypass class certification discovery for the time period in question. *See id.* Plaintiffs are entitled to discovery responses to determine whether their Motion for Class Certification should include loans after October 26, 2016.

Third, Defendants argue that there was no basis to impose a six-year discovery period because a court in the Western District of Missouri rejected a similar argument raised by Plaintiffs'

---

[7] Defendants concede that the temporal scope issue was raised in the Interrogatory Motion. *See* ECF No. [105] at 13.

[8] Defendants' alternative argument that Plaintiffs did not meet and confer with Defendants regarding the temporal scope issue despite raising the issue in the RFPD Motion, *see* ECF No. [105] at 12, 13 n.2, is unavailing. Plaintiffs included a certificate of good faith conference pursuant to Local Rule 7.1(a)(3)(A) in their RFPD Motion. *See* ECF No. [67] at 13. In response to the RFPD Motion, which plainly raised the temporal scope issue as noted above, Defendants did not challenge the certificate indicating that there was good faith conference on the matters raised in the RFPD Motion. *See generally* ECF No. [72]. As such, Defendants waived any challenge based on the lack of good faith conference. Defendants, having been aware of the temporal scope issue raised in the RFPD Motion and the certificate of good faith conference, cannot belatedly argue that the Court should deny the RFPD Motion for Plaintiffs' alleged failure to meet and confer and Plaintiffs' alleged misrepresentation to the Court that the parties did meet and confer.

11

counsel in another case against Defendants, it is prejudicial to Defendants, and it is not proportional to the needs of the case. *See* ECF No. [105] at 15-18. However, Defendants' reliance on a similar case from the Western District of Missouri is unavailing. As Plaintiffs correctly point out, Magistrate Judge Valle's decision not to follow a non-binding out-of-circuit decision is not clear error that warrants reversal. This Court is similarly not bound by a non-binding decision from the Western District of Missouri. Instead, the Court once again relies on its previous Order denying Defendants' Motion for Judgment on the Pleadings, in which the Court determined that Plaintiffs were entitled to class certification discovery beyond October 26, 2016. *See* ECF No. [113].

Next, the Court is not persuaded that Defendants would be prejudiced. Defendants argue that the discovery sought would be "unduly burdensome, expensive, and likely cause a delay in this case." ECF No. [105] at 16-17 (quoting *All-Tag Corp. v. Checkpoint Sys., Inc.*, 408 F. Supp. 3d 1347, 1352 (S.D. Fla. 2019)). However, the discovery requests in the RFPD Motion, quoted above, are constrained to issues relevant to class certification. *See* ECF No. [67] at 11-12. Unlike *All-Tag Corp.*, where the court determined that the discovery requests were unduly burdensome because they "would cause the parties to run down a rabbit hole chasing irrelevant information on collateral matters, resulting in the needless and wasteful expenditure of time and money by the parties," the discovery requests in this case are not seeking irrelevant information on collateral matters. 408 F. Supp. 3d at 1352. The requested discovery is precisely on the issue of whether class certification is warranted. *See* ECF No. [67] at 11-12. Further, the Court notes that whatever burden Defendants must bear is not "unreasonable in light of the benefits to be secured from the discovery." *Woodward v. Hoffmann-La Roche, Inc.*, No. 04-80506-CIV, 2007 WL 9747859, at *3 (S.D. Fla. Nov. 5, 2007) (quoting *Border Collie Rescue, Inc. v. Ryan*, No. 304-CV-568J32HTS, 2005 WL 662724 at *2 (M.D. Fla 2005)). Plaintiffs cannot pursue their class action claims without

the requested discovery. As such, Defendants' prejudice argument is unavailing.

Lastly, Defendants' proportionality argument, relying on *Lebron v. Royal Caribbean Cruises, Ltd.*, No. 16-24687-CIV, 2018 WL 11346739, at *7 (S.D. Fla. Aug. 15, 2018), is similarly unavailing. *See* ECF No. [105] at 17. Defendants' argument is based on their denial of Plaintiffs' allegations and that Plaintiffs cannot represent putative class members who obtained loans after October 26, 2016. The veracity of Plaintiffs' allegations and whether Plaintiffs can or cannot represent particular class members have no bearing on whether Plaintiffs are entitled to discovery to determine those very issues. *See* ECF No. [113]. Furthermore, *Lebron* is not instructive because the defendant argued that it had already provided discovery for a two-year time frame, in lieu of the requested five-year time frame, the plaintiff did not respond to the defendant's argument that discovery for the two-year time frame sufficed, and the documents provided by the plaintiff were sufficient "based upon the needs of the case[.]" 2018 WL 11346739, at *7. The factual circumstances presented in the instant case differ in all material aspects. Defendants have not provided any discovery pertaining to the time period after October 26, 2016, Plaintiffs have argued that discovery is necessary for that time period, and the Court has already determined that class certification discovery into the time period is necessary based on the needs of this case. *See* ECF No. [113].

In sum, Defendants' arguments are unavailing. Magistrate Judge Valle properly determined the temporal scope of the RFPDs to extend from July 17, 2016, to the present.

### c. Production of Greensky's Lender Documents

Defendants argue that that Magistrate Judge Valle erred in ordering Defendants to produce all agreements with program lenders. *See* ECF No. [105] at 18-19. Defendants contend that the production of lender agreements for individuals who are not presently before the Court was not

raised in the RFPD Motion. *See id.* Defendants also submit that Magistrate Judge Valle "rewrote" this Court's Scheduling Order requiring the bifurcation of discovery by compelling discovery of lender documents. *See id.* at 19. Plaintiffs respond that the issue was raised in the RFPD Motion. *See* ECF No. [107] at 21-22. Moreover, Magistrate Judge Valle did not rewrite the Court's Scheduling Order and that the lender documents are relevant to class certification. *See id.* at 21-21.

The Court again agrees with Plaintiffs. The Court reiterates that in the RFPD Motion, Plaintiffs expressly sought "(vi) the agreements between GreenSky and lenders for the loans at issue[.]" ECF No. [67] at 11-12. Therefore, Plaintiffs did raise the issue in the RFPD Motion, and Defendants did have an opportunity to brief the issue. Further, the information is plainly relevant to the issue of class certification as the lender documents may reveal Defendants' role on behalf of program lenders in charging undisclosed, unlawful fees with respect to all of Defendants' loans and establish the existence of common questions for a certifiable class.[9] Thus, because the discovery sought is pertinent to class certification, Magistrate Judge Valle did not disturb the bifurcation of discovery in this Court's Scheduling Order.[10]

---

[9] Defendants make a brief reference *Gutierrez v. Wells Fargo Bank, NA*, 889 F.3d 1230, 1238 (11th Cir. 2018), for the proposition that prior to class certification any putative plaintiff is "beyond the scope of the Court's power" and that the Court cannot require discovery on putative plaintiffs. ECF No. [105] at 19. The case is inapposite. In *Gutierrez*, the Eleventh Circuit held that the defendant could not compel arbitration on behalf of putative class members. *See id.* at 1238-39. The Eleventh Circuit was not addressing a discovery motion pre-class certification.

[10] Even if the discovery sought did not pertain to class certification, the Court expressly stated that "[t]he bifurcation of discovery in this Order does not preclude the parties from engaging in merits discovery during the pre-class certification period, unless otherwise agreed to or ordered by the Court." ECF No. [44] at 2 n.1. The hearing transcript and the moving papers indicate that there is some confusion with the bifurcation of discovery and the footnote quoted above. *See* ECF No. [105-1] at 24. The bifurcation was intended to provide some demarcation between discovery materials to reduce the burden of discovery before class certification. The footnote was intended to provide flexibility and allow certain discovery requests that could be considered pertinent to both class certification discovery and merits discovery to take place in the class certification discovery period. In other words, the bifurcation is not strict, and Magistrate Judge Valle appropriately compelled Defendants' compliance with Plaintiffs' discovery requests, to the extent that any discovery request could also be considered merits discovery requests.

In sum, Defendants' arguments are unavailing. Magistrate Judge Valle properly required the production of Defendants' lender documents.

### d. Identification and Information of Putative Class Members

Defendants argue that Magistrate Judge Valle erred in ordering Defendants to produce all documents reflecting the fees received in connection with any Greensky loans and, separately, documents showing various identification information for putative class members. *See* ECF No. [105] at 19-20. Defendants argue that discovery regarding such information was not briefed. Defendants also submit that a person's identification information is not related to damages, the court in the Western District of Missouri denied similar relief, and the ruling undermines the bifurcation of discovery. *See* ECF No. [105] at 19-20. Plaintiffs reiterate their previous arguments and contend that each of Defendants' arguments are unavailing. Plaintiffs further argue that Magistrate Judge Valle did not compel the production of identification information and previously determined that the parties could re-visit the issue post-class certification. *See id.* at 20 (citing ECF No. [105-1] at 42).

The Court agrees with Plaintiffs. First, with regard to identification information, it is apparent that Magistrate Judge Valle did not compel the production of identification information until after class certification. *See* ECF No. [105-1] at 41-42 (denying as moot Production Numbers 6 and 20); *see also* ECF No. [88] at 5, 8. Next, with respect to documents reflecting the fees received in connection with any Greensky loans, the Court reiterates that in the RFPD Motion, Plaintiffs expressly sought "(i) GreenSky's data relating to the [*sic*] its loans during the class period, including as to the allegedly unlawful fees GreenSky received in connection with those loans[.]" ECF No. [67] at 11-12. Therefore, Plaintiffs raised the issue in the RFPD Motion, and Defendants did have an opportunity to brief the issue. Further, Magistrate Judge Valle apparently considered

15

Plaintiffs' counsel's argument that information regarding the putative class members would show that Defendants charged certain fees on a class-wide basis, *see* ECF No. [105-1] at 29, and properly determined that the information is relevant to the issue of class certification because it is "relevant to damages at the very least" and "to show class wide injury as well." ECF No. [105-1] at 42. This Court finds no clear error from such reasoning. Further, as the Court noted before, a non-binding decision from the Western District of Missouri is not a basis to find clear error. Finally, because the discovery sought is pertinent to class certification, Magistrate Judge Valle did not disturb the bifurcation of discovery in this Court's Scheduling Order.[11]

In sum, Magistrate Judge Valle properly required the production of documents reflecting the fees received in connection with any Greensky loans and properly denied as moot the production of documents showing various types of identification information for putative class members.

### e. Boilerplate Objections

Defendants also argue that Magistrate Judge Valle erred in ruling on boilerplate objections. *See* ECF No. [105] at 20-21 (quoting ECF No. [105-1] at 39). Defendants contend Plaintiffs never raised arguments regarding boilerplate objections and Magistrate Judge Valle did not identify the particular objections that she was ruling on. *See id.* Plaintiffs respond that Magistrate Judge Valle was ruling on Defendants' general overbreadth and burden objections throughout Defendants' responses to the RFPDs. *See* ECF No. [107] at 22.

Defendants' argument on this matter is not well-taken. Magistrate Judge Valle stated:

> Throughout these interrogatories and the requests for production, the Defendant [*sic*] has objected generally to overbreadth and unduly burdensomeness without

---

[11] As noted above, even if the discovery sought did not pertain to class certification, the Court expressly stated that "[t]he bifurcation of discovery in this Order does not preclude the parties from engaging in merits discovery during the pre-class certification period, unless otherwise agreed to or ordered by the Court." ECF No. [44] at 2 n.1.

> really specifying how these requests are overbroad or how they are unduly burdensome. It just doesn't have the specificity that is required. And those objections are then followed by a line that says subject to these objections and without waiving these objections, et cetera, which is typical language used in boilerplate objections which this court has consistently disallowed. Therefore, to the extent that the Defendants' responses, either in the requests for production or the interrogatories, contain these types of boilerplate objections, I'm going to grant the motion to compel and require that the Defendant [*sic*] amend its responses to accurately reflect what documents are being produced, what the answer is as to these requests without those boilerplate objections. If no documents exist, then they should plainly state so.

ECF No. [105-1] at 39-40. It is apparent that Magistrate Judge Valle was instructing Defendants to revise their generalized objections that Plaintiffs' discovery requests are overbroad and unduly burdensome. Furthermore, whether Plaintiffs objected to the boilerplate nature of the objections is immaterial. The Court is unaware of, and Defendants fail to cite to, any legal authority indicating that a court cannot *sua sponte* reject boilerplate objections.

**f. Interrogatory Motion**

Lastly, Defendants repeat their arguments regarding the merits of the RFPD Motion in arguing that Magistrate Judge Valle erred in allowing discovery beyond October 26, 2016 for the Interrogatory Motion. *See* ECF No. [105] at 21. Defendants further submit that the interrogatory concerning incentive fees paid by Defendants' bank partners to Defendants is not relevant to Plaintiffs' theory of the case. *See id.* Plaintiffs respond that Magistrate Judge Valle noted that the Complaint alleges that the incentive fees are ultimately passed down to the customer. *See* ECF No. [107] at 22-23. Therefore, the incentive fees are pertinent to Plaintiffs' theory of the case. *See id.*

The Court agrees with Plaintiffs. With regard to the temporal scope argument, the Court already addressed the merits of Defendants' arguments in its Order denying the Motion for Judgment on the Pleadings. *See* ECF No. [113]. The Court reiterates that the Court permitted further class certification discovery, including class certification discovery for the time period in question. *See id*. With regard to Defendants' arguments about the incentive fees, the Court notes

17

that Magistrate Judge Valle specifically stated as follows:

> I've looked at the first amended complaint and I find that the first amended complaint very clearly discusses these incentive payments as part of the fees that are ultimately being passed down to the consumer. Therefore, I'm going to grant the motion to compel regarding production -- regarding the incentive payments. In particular, I see that, as I said, these incentive payments are pled in the complaint, and I went through the complaint, I note that the incentive payments are noted in Paragraphs 43, 55, 56, 57, specifically says that the incentive payments were passed on to the customer. 58 and 59 talks about how the incentive payments were not disclosed to the customers. 70, 80 and Paragraphs 137 D and E all talk about these fees being passed on to the customer. So I will grant the motion to compel as to the incentive payments for the time period we discussed.

ECF No. [105-1] at 44. Upon a review of the Complaint, the Court similarly determines that the incentive fees are part of Plaintiffs' Complaint and Plaintiffs' theory of the case. *See* ECF No. [12] ¶ 43, 55-58, 70, 137.

As such, Defendants' arguments regarding the Interrogatory Motion are unavailing.

### IV. CONCLUSION

Accordingly, Magistrate Judge Valle's Order, **ECF No. [100]**, is **AFFIRMED**, and Defendants' Objections, **ECF No. [105]**, are **OVERRULED**. Defendants shall provide Plaintiffs all discovery responses **no later than June 17, 2022.**

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 3, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record